EDYTH S. BEANE, Appellant, v. CHARLES G. MADER, Respondent.— Judgment and order affirmed, with costs. All concur, Clark, J., not sitting.

PATRICK O'MALLEY, Respondent, v. EUGENE T. PARKES, Appellant.— Judgment and order affirmed, with costs. All concur.

MARTHA E. HUNTER, Appellant, v. JOHN BARTON PAYNE, as Director-General of Railroads, etc., Respondent.— Judgment and order affirmed, with costs. All concur, Davis, J., not sitting.

JOHN C. KEEFE, Appellant, v. FRANK B. PARKER, Respondent.— Order reversed and judgment of Justice's Court affirmed, with costs to plaintiff in this court and in the County Court. Held, the evidence in Justice's Court was sufficient to establish that the plaintiff was the holder of an equitable assignment of a portion of the fund of one Lewis Shimer in the hands of the defendant, and that there was a sufficient amount due from the defendant to Shimer applicable to the payment of the plaintiff's claim; and that plaintiff was entitled to recover from the defendant the amount of the order. The defendant was present at the trial and had opportunity to defend on the merits had he wished. He elected to stand on purely technical rights; and in cases arising in Justice's Court, where the record is rarely complete and suits are for small amounts, and the trials are usually conducted without the aid of skilled counsel, the courts will not favor highly technical defenses where the merits in favor of the prevailing party are manifest. All concur.

FIRST NATIONAL BANK OF CALEDONIA, Respondent, v. EBSARY FIRE-PROOFING AND GYPSUM BLOCK COMPANY, Appellant.— Judgment reversed and complaint dismissed, with costs. The findings of fact contained in the decision and numbered VI, VII, IX, X, XI, XII, XIII and XIV are reversed and stricken out as being immaterial, and the findings of fact contained in defendant's requests to find and numbered fourth and seventh are found by this court; and this court further holds and decides that the plaintiff cannot maintain this action to recover possession of the personal property mentioned in the complaint or the value of such property. It is bound by the superior title of the defendant established by the judgment in the foreclosure action, to which the plaintiff was a party. The remedy of the plaintiff must be sought by an action on the contract it claims to have made with the defendant to sell the property on execution sale and to be paid its reasonable expenses incurred thereby. All concur, except Lambert, J., not voting.

JAMES L. BYRNES, Respondent, v. GEORGE H. LYON, Appellant.— Judgment and order affirmed, with costs. All concur.

THE J. M. & L. A. OSBORN COMPANY, Respondent, v. JOHN C. KENNEDY, Appellant.— Judgment and order affirmed, with costs. All concur.

EARL J. BROOMFIELD, Respondent, v. FRANK NEFF, Appellant.— Judgment and order affirmed, with costs. All concur.